[S. F. No. 7918.  In Bank.—October 20, 1917.]

In the Matter of the Estate of ALFRED BAIRD, Deceased. SARAH ALICE HURD, Appellant, v. SAMUEL T. BROWN, Executor, etc., Respondent.

CHARLES M. BAIRD et al., Appellants, v. SAMUEL T. BROWN, Executor, etc., Respondent.

WILLS—CONTEST AFTER PROBATE—PLEADING—EFFECT OF ADMISSION IN PLEADING—RE-EXECUTION OF WILL.—Where the contestants in a petition for revocation of probate themselves alleged the making of an order admitting to probate a will and a codicil thereto, referring to the two papers by their dates, and the answer of the proponent of the will expressly admitted the truth of these allegations, it must be taken as admitted that the codicil was admitted to probate.

ID.—CODICIL AS RE-EXECUTION OF WILL.—A codicil to a will, if duly executed, expressly ratifying and conforming the will in every respect so far as not inconsistent with the codicil, is equivalent to a re-execution of the will.

ID.—EFFECT OF ADMISSION OF CODICIL TO PROBATE—BURDEN OF PROOF ON CONTEST.—The admission of a codicil to probate establishes *prima facie*, for all purposes of a contest, that it was duly executed in the manner required by law by a testator who was competent, free from undue influence, etc., and the burden of proof is on the contestants to establish its invalidity.

ID.—UNDUE INFLUENCE—BURDEN OF PROOF.—A will, however unnatural, may not be held invalid on the ground of undue influence unless there be an actual showing of that sort of pressure which overpowered the mind and mastered the volition of the testator at the very moment of execution.

ID.—UNDUE INFLUENCE—EXCEPTION TO GENERAL RULE OF BURDEN OF PROOF—CONFIDENTIAL RELATION OF BENEFICIARY.—To the rule that a will may not be held invalid for undue influence without an actual showing of pressure overpowering the mind and volition of the testator at the moment of execution there is a well-established exception that where the beneficiary, who unduly profits by the will, sustains a confidential relation to the testator and has actually participated in procuring the execution of the will, the burden is on him to show that the will was not induced by coercion or fraud.

ID.—UNDUE INFLUENCE ON EXECUTION OF WILL — VOLUNTARY SUBSEQUENT RE-EXECUTION BY CODICIL.—Assuming the sufficiency of the evidence in this case of a confidential relation between the testator and the beneficiary, and that the beneficiary participated to some slight extent in procuring the execution of the will, there being

nothing whatever to show any activity on his part in relation to the preparation or execution of the codicil subsequently executed reaffirming it, it is immaterial that the evidence may have been sufficient to support legally a conclusion that the original execution of the will was induced by undue influence, that objection being disposed of by the free and voluntary re-execution of the will by the codicil.

ID.—IMMATERIAL RULINGS ON EVIDENCE — RE-EXECUTION OF WILL BY CODICIL.—Where a will, which was contested on the ground of undue influence, was re-executed by codicil and there was no show-ing of nor attempt to show undue influence inducing the execution of the codicil, alleged errors in rulings on evidence as to other matters could not affect the result, and are not necessary to be discussed.

APPEAL from the Superior Court of Fresno County. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

Charles R. Holton, Stanley Moore, and Elliott Johnson, for Appellants.

W. P. Thompson, and M. K. Harris, for Respondent.

ANGELLOTTI, C. J.—Certain of the heirs of Alfred Baird, deceased, contested his will after probate, and they appeal from a judgment against them following the granting of proponent's motion for nonsuit.

By his will Alfred Baird sought to dispose of an estate valued at approximately one hundred and ninety thousand dollars. Baird had been the father of two sons and two daughters. These were B. M. Baird (commonly called Morgan Baird), Sarah Alice Hurd, Edwin Lewis Baird, and Florence Baird Keeler. Of these children Edwin Lewis Baird predeceased his father by many years, and at the latter's death there survived of this branch of the family four children of Edwin Lewis Baird, deceased, and one grandchild, who was the child of a deceased daughter. Two separate contests of the will of Alfred Baird were filed, one by Mrs. Hurd, his daughter, and another by his grandchildren and great grandchild representing Edwin Lewis Baird, deceased. Both contests were based originally upon allegations of improper execution of the will, unsoundness of the

testator's mind, and undue influence which it was alleged
B. M. Baird exercised upon the testator.  The contests were
tried together and at the trial the contestants abandoned all
attacks upon the validity of the will except that based upon
the alleged undue influence.

When the original will was executed, November 23, 1909,
the testator's wife was living and provision was made for her,
to the extent of an income of one hundred dollars per month
for her life.  The surviving children of Edwin Lewis Baird,
deceased, were given one thousand dollars each, and the in-
fant child of the deceased child of said Edwin Lewis Baird
the sum of ten dollars.  The only provision for testator's
daughter, Sarah Alice Hurd, was one for the payment to her
of $25 per month during her life, the testator saying: "I
make this provision for my said daughter as the best method
of protecting her from want during her life and because
she has already received a good deal from me, all of which
she has squandered."  All the rest and residue was given to
the son, B. M. Baird, and the daughter, Florence Keeler, to
be divided equally between them, and said B. M. Baird was
appointed executor without bonds.  A codicil dated Febru-
ary 9, 1912, accompanied the will, the same making no change
therein except to cancel the provision for the wife, she hav-
ing died, and also to provide that Florence Keeler's share
in the residue should be two thousand dollars less than the
share of B. M. Baird.

In view of the condition of the pleadings it must be taken
as established that the codicil of February 9, 1912, was ad-
mitted to probate.  The petitions for revocation of probate
filed by the contestants allege that on December 14, 1914, an
order was made admitting to probate "as and for the last will
of said Alfred Baird, deceased, and a codicil thereto, two
certain alleged papers . . . dated November 23, 1909, and
February 9, 1912, respectively."  The answers expressly ad-
mitted the truth of these allegations.  The contest was as to
both documents.  In the codicil the testator stated that hav-
ing on the twenty-third day of November, 1909, made his
last will, he declared this to be a codicil to the same, and said:
"I hereby ratify and confirm said will in every respect in so
far as the same is not inconsistent with this codicil."  If the
codicil was duly executed, its execution was equivalent, of
course, to a re-execution of the will.  Its admission to pro-

bate necessarily established *prima facie* for all the purposes
of the contest, that it was duly executed in the manner re-
quired by law by a testator who was competent, free from
undue influence, etc. The burden of proof was on the con-
testants to establish its invalidity. It is plain, therefore, that
unless the evidence introduced was of such a nature that it
would have sufficed to legally support a conclusion of undue
influence as to the codicil, there was no error in granting the
motion for a nonsuit.

Certainly there was no sufficient showing of undue in-
fluence as to the codicil. No showing at all was attempted as
to the circumstances surrounding its execution. The authori-
ties in this state are numerous to the effect that however
unnatural a will may appear to be, and however much at
variance with expressions by the testator as to his intention
with regard to the natural objects of his bounty, it may not
be held invalid on the ground of undue influence unless there
be an actual showing of that sort of pressure which over-
powered the mind and mastered the volition of the testator
at the very moment of execution. (See *Estate of Clark*, 170
Cal. 418, 424, [149 Pac. 828]; *Estate of Carithers*, 156 Cal.
422, 428, [105 Pac. 127]; *Estate of Gleason*, 164 Cal. 756,
765, [130 Pac. 872]; *Estate of Kilborn*, 162 Cal. 4, [120 Pac.
762]; *Estate of Lavinburg*, 161 Cal. 536, [119 Pac. 915].)
This is the well-settled general rule. There is a well-estab-
lished exception to this rule, upon which contestants rely
here, to the effect that where one who unduly profits by the
will as a beneficiary thereunder sustains a confidential rela-
tion to the testator, and has actually participated in procur-
ing the execution of the will, the burden is on him to show
that the will was not induced by coercion or fraud. As sug-
gested in *Estate of Higgins*, 156 Cal. 261, [104 Pac. 8], a
"presumption of undue influence" arises from proof of the
existence of a confidential relation between the testator and
such a beneficiary, *"coupled with activity on the part of the
latter in the preparation of the will."* The confidential rela-
tion alone is not sufficient. There must be activity on the
part of the beneficiary in the matter of the preparation of
the will. (See in this connection, *Estate of Ricks*, 160 Cal.
461, [117 Pac. 532]; *Estate of Lavinburg*, 161 Cal. 543, [119
Pac. 915]; *Estate of Higgins, supra; Estate of McDevitt*, 95
Cal. 17, 33, [30 Pac. 101]; *Coghill* v. *Kennedy*, 119 Ala. 641,

[24 South. 459].)    The whole claim of contestants in this
connection is that there was such activity on the part of
B. M. Baird.    Learned counsel practically admit that unless
this claim is well based, no sufficient case was made.    We
may assume for the purposes of this decision that there was
a sufficient *prima facie* showing to satisfy the law of the ex-
istence of a confidential relation between the testator and
B. M. Baird, and that the latter did participate to some slight
extent in procuring the execution of the will of November
23, 1909.    Even as to this it is questionable if there was a
sufficient showing to put the proponents to their proof.    But
there was not even any attempt to show any activity whatever
on his part in relation to the preparation or execution of the
codicil, and the record is absolutely destitute of evidence in
this regard.    There is nothing in the evidence inconsistent
with the idea that the testator executed the codicil without
any previous suggestion of such action by anyone, and en-
tirely of his own free will, without influence or coercion of
any kind.    The burden was on the contestants to show the
contrary.    This being the situation, it is immaterial that the
evidence may have been sufficient to legally support a con-
clusion that the execution of the will on November 23, 1909,
was induced by undue influence.    The free and voluntary re-
execution of the will by the testator on February 9, 1912, dis-
posed of the objection on this ground.

It is said in the last brief filed by learned counsel for con-
testants that the codicil was not admitted to probate as a part
of the will of deceased.    This statement, as we have shown,
is opposed to the allegations contained in their petitions for
revocation.    The question is one that is absolutely settled for
all the purposes of this proceeding by the pleadings.    There
have been included in the clerk's transcript copies of the pro-
ceedings on the original probate, such as the testimony of
subscribing witnesses, certificate of proof of will, order ad-
mitting will to probate, etc., and it is on these that contest-
ants' attorneys rely for their claim that the codicil was not
proved or admitted to probate.    It may be doubted whether
under the circumstances they constitute any proper part of
the record on appeal.    But considering them it is perfectly
apparent that the will and codicil were filed as one instru-
ment, and as such were annexed to the certificate of proof of
will, and admitted to probate, as constituting the last will

of the deceased. We are not privileged here to consider the nature of the testimony given on the original hearing, or to determine any question as to the sufficiency of such evidence to justify the action of the court in admitting the codicil to probate as a part of the will. So far as this contest is concerned, the due and free execution thereof is established, until the contrary is shown, by the judgment or order of the court admitting it to probate.

It follows from what we have said that a verdict in favor of contestants could not have been held to have sufficient support in the evidence, and that the trial court did not err in granting the motion for a nonsuit.

Complaint is made of certain rulings on evidence, but they all related to matters which could not affect the result in view of the failure to show any activity on the part of B. M. Baird in the matter of procuring the execution of the codicil. Without such proof contestants could not succeed, and none of the evidence or proffered evidence involved in any of these rulings had any reference to this matter. It is therefore unnecessary to discuss them.

The judgment is affirmed.

Shaw, J., Sloss, J., Melvin, J., Henshaw, J., and Lawlor, J., concurred.